UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE ESTATE OF AMELIA MARQUEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-5692** |
| **ALLSTATE INSURANCE COMPANY** | **SECTION: "S" (3)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Allstate Insurance Company's Motion for Summary Judgment regarding plaintiff's claims under its homeowner's insurance policy (Doc. #15) is **DENIED** as to plaintiff's contractual claim regarding structural damage[1] and plaintiff's bad faith claims, and **GRANTED** as unopposed (Doc. #22) as to plaintiff's contractual claim regarding lost contents. Plaintiff's contractual claim regarding lost contents is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Allstate Insurance Company's Motion for Summary Judgment regarding plaintiff's claims under its flood insurance policy (Doc. #20) is **GRANTED**, and such claims are **DISMISSED WITH PREJUDICE**.

### BACKGROUND

This matter is before the court on two motions for summary judgment filed by defendant, Allstate Insurance Company. Allstate, in its capacity as plaintiff's homeowner's insurance carrier argued that it is entitled to summary judgment on plaintiff's claims because plaintiff's did not submit any evidence of their losses to Allstate. Also, Allstate, in its capacity as a Write-Your-Own ("WYO") insurance carrier participating in the Federal Emergency Management Agency's ("FEMA") National Flood Insurance Program ("NFIP"), argues that it is entitled to summary

---

[1] In its reply memorandum (Doc. #31), Allstate states that it does not oppose the court's denying its motion for summary judgment because plaintiff recently provided an estimate and expert report regarding its wind damage claim.

judgment on plaintiff's claim for a supplemental payment under its flood insurance policy because plaintiff did not submit a timely proof of loss supporting the supplemental claim.

Plaintiff, the Estate of Amelia Marquez, represented by Forrest H. Marquez, Jr., has an interest in property located at 2622 Claiborne Street in Mandeville, Louisiana. In 2012, plaintiff maintained a homeowner's insurance policy issued by Allstate, and flood insurance policy issued by Allstate as a WYO insurance carrier covering the property. On August 29, 2012, the property sustained wind and flood damage as a result of Hurricane Isaac. Plaintiff informed Allstate of the losses.

Allstate sent an adjustor to inspect the wind damage. The adjustor found that the wind damage was $1,290.93, which was less than the $7,650 deductible. Therefore, Allstate did not pay plaintiff anything for its homeowner's insurance claim. During discovery in this lawsuit, plaintiff presented to Allstate an invoice for $4,550, which it claims relates to damages covered under the homeowner's policy. This amount, even when added to the adjustor's estimate, is still less than the deductible. On April 11, 2014, Allstate filed its motion for summary judgment regarding plaintiff's homeowner's insurance claims, arguing that plaintiff has never submitted any proof of loss showing damages over the deductible, plaintiff has never submitted documentation to support its lost contents claim, and plaintiff cannot prevail on its bad faith claims because plaintiff did not submit a proof of loss and does not have a valid breach of contract claim. On April 28, 2014, plaintiff submitted an estimate to Allstate from Dan Onofrey, a public adjustor affiliated with Michaelson & Messinger Insurance Specialists LLC, which states that the property sustained $71,010.30 in damages related to wind. As a result, Allstate agreed that its motion for summary judgment as to the breach of

contract claim related to structural damage should be denied (Doc. #31). Allstate maintains that plaintiff's bad faith claims should be dismissed because there are genuine disputes regarding plaintiff's purported wind-related damages that prevent the imposition of bad faith penalties against Allstate.

On October 3, 2012, plaintiff submitted a signed, sworn a proof of loss to Allstate WYO for the building damages in the amount of $79,250.03. On October 5, 2012, Allstate WYO issued a check to plaintiff in that amount. On November 2, 2012, plaintiff signed a representation agreement with Michaelson & Messinger Insurance Specialists LLC, a public adjustor. Michaelson provided this document to Allstate WYO on November 9, 2012. On November 16, 2012, Allstate acknowledged receipt of the representation agreement and stated that "future correspondence regarding the above claim will be directed to your firm," but "[b]y this letter we do no intend to waive or relinquish any of our rights or defenses, either listed or unlisted under this policy of insurance." On November 28, 2012, Onofrey, sent Allstate WYO an estimate that stated that the amount of the loss caused by flood was $254,153.24. In the cover letter, he asked Allstate WYO to "set up a supplemental claim." The estimate was not signed and sworn by plaintiff.

## ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the

existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.     Allstate's Motion for Summary Judgment Regarding Bad Faith Damages under the Homeowner's Insurance Policy**

Allstate contends that plaintiff's bad faith claims should be dismissed because plaintiff did not submit any proof of loss of damages greater than the deductible until April 28, 2014, and there are genuine disputes regarding the damage estimate that prevent a finding of bad faith.

Louisiana Revised Statutes §§ 22:1892 and 22:1913[2] penalize insurers who arbitrarily and capriciously fail to pay legitimate claims.[3] To recover penalties under La. Rev. Stats. §§ 22:1892 and 22:1913, a claimant must submit a satisfactory proof of loss and show that the insurer failed to pay the claim within either 30 or 60 days without probable cause or in an arbitrary and capricious manner. See LA. REV. STATS. §§ 22:1892 and 22:1913. The insured is not required to prove the exact amount of his or her damage, nor is the insurer required to pay all of the insured's claim within the statutory period to avoid bad faith penalties. La. Bag Co., Inc. v. Audubon Indem. Co., 999 So.2d

---

[2] On January 1, 2009, Louisiana Revised Statutes §§ 22:658 and 22:1220 were renumbered §§ 22:1892 and 22:1913, respectively. Because the majority of the case law interpreting the statutes reference the former statute numbers, for ease of reference, the court will use only the current statute numbers.

[3] In Reed v. State Farm Mut. Auto. Ins. Co., 857 So.2d 1012 (La. 2003), the Supreme Court of Louisiana noted that La. Rev. Stats. §§ 22:658 and 22:1220 incorporate the same standard and prohibit the same conduct. Thus, the cases interpreting the two statues are used interchangeably.

1103, 1114–16 (La. 2008). Instead, if the extent of the loss is contested, the insurer must pay only the "undisputed portion" of the claim, or "the reasonable amount which is due." Id. (citing McDill v. Utica Mut. Ins. Co., 475 So.2d 1085, 1091 (La.1985)). Therefore, "[a] refusal to pay the full amount claimed will not be arbitrary and capricious when the dispute had a good faith basis." Dickerson v. Lexington Ins. Co., 556 F.3d 290, 299 (5th Cir. 2009).

La. Rev. Stats. §§ 22:1892 and 22:1913 are strictly construed because they are penal in nature. McDill, 475 So.2d at 1092. The insured bears the burden of proof, and the penalties imposed by the statutes "are not assessed unless a plaintiff's proof is *clear* that the insurer was in fact arbitrary, capricious, or without probable cause in refusing to pay." Reed, 857 So.2d at 1021 (emphasis added). Penalties and attorneys' fees should be imposed only "when the facts 'negate probable cause for nonpayment.'" La. Bag, 999 So.2d at 1114 (quoting Gillory v.. Travelers Ins. Co., 294 So.2d 215, 217 (La.1974)).

In this case, plaintiff claims that Allstate was in bad faith for refusing to adjust the claim to find damages that exceed the deductible before plaintiff submitted its proof of loss to Allstate. Both §§ 22:1892 and 22:1913 state that the penalties are imposed for and insurer's failing to pay undisputed portions of the claim within a specific amount of time after the proof of loss is submitted. Plaintiff did not submit a proof of loss to Allstate until April 28, 2014, which was after Allstate filed its motion for summary judgment and less than thirty days before plaintiff filed its opposition. There is no information in the record regarding any undisputed portions of the claim, but only Allstate's assertion that the claim is disputed. Therefore, it is premature to determine whether Allstate acted

5

in bad faith under the statutes at this point, and Allstate's motion for summary judgment regarding bad faith damages is DENIED.[4]

## C.  Allstate WYO's Motion for Summary Judgment Regarding Plaintiff's Claim under the Flood Insurance Policy

Allstate WYO argues that it is entitled to summary judgment on plaintiff's claim under the flood insurance policy because plaintiff failed to comply with the proof of loss requirement regarding its supplemental flood insurance claim.

The NFIP was established by the National Flood Insurance Act, 42 U.S.C. §§ 4001-4129 (2006), and is administered through the FEMA. Wright v. Allstate Ins. Co. (Wright I), 415 F.3d 384, 386 (5th Cir.2005). FEMA sets the terms and conditions of all federal flood insurance policies, and those polices must be issued in the form of a Standard Flood Insurance Policy ("SFIP"). 44 C.F.R. § 61.4(b); Gowland v. Aetna, 143 F.3d 951, 953 (5th Cir.1998). SFIP provisions cannot "be altered, varied, or waived other than by the express written consent of the [Federal Insurance] Administrator" and must be strictly construed and enforced. 44 C.F.R. § 61.13(d); Wright I, 415 F.3d at 387; Gowland, 143 F.3d at 953-954. See also Forman v. FEMA, 138 F.3d 543, 545 (5th Cir.1998).

Although SFIP proceeds can be issued by a WYO insurance provider directly to consumers, "[p]ayments on SFIP claims come ultimately from the federal treasury."[5] Wright I, 415 F.3d at 386;

---

[4] Plaintiff's bad faith claim will be limited to Allstate's actions after it received plaintiff's April 28, 2014, proof of loss, because that is when Allstate's obligation to pay undisputed portions of the loss arose.

[5] FEMA regulations for the NFIP provide that "loss payments" shall be payable from federal funds. 44 C.F.R. pt. 62, app. A, art. III(D)(2) ("Loss payments include payments as a result of litigation that arises under the scope of this Arrangement [between WYOs and the federal government], and the Authorities set forth herein."). "Under the Appropriations Clause of the Constitution, '[m]oney may be paid out only through an appropriation made by law; in other words, the payment of money from the Treasury must be authorized by a statute.'" Wright I, 415 F.3d at 387 (quoting Office of Pers. Mgmt. v. Richmond, 496 U.S.

6

See also Gowland, 143 F.3d at 953. Because the federal treasury is implicated in the payment of flood claims, the provisions of a SFIP must be strictly construed and enforced. See Forman, 138 F.3d at 545. Therefore, "[w]here federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds." Wright I, 415 F.3d at 388 (citing Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc., 104 S.Ct. 2218, 2226 (1984)). Because the provisions of the SFIP are strictly enforced, "an insured's failure to provide a complete, sworn proof of loss statements, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim." Gowland, 143 F.3d at 953.

Under 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4), the SFIP provides the following proof of loss requirement:

> Within 60 days after the loss,[6] send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
> a. The date and time of loss;
>
> b. A brief explanation of how the loss happened;
>
> c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
>
> d. Details of any other insurance that may cover the loss;
>
> e. Changes in title or occupancy of the covered property during the term of the policy;

---

414, 424, 110 S.Ct. 2465, 2471, 110 L.Ed.2d 387, 399 (1990)).

[6] After Hurricane Isaac, FEMA extended the Proof of loss deadline to 240 days after the loss. See FEMA W-13014, dated March 19, 2013.

      f. Specifications of damaged buildings and detailed repair estimates;

      g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;

      h. Details about who occupied any insured building at the time of the loss and for what purpose; and

      i. The inventory of damaged personal property described in J.3. above.

It is undisputed that plaintiff submitted a signed, sworn proof of loss in the amount of $79,250.03, and Allstate WYO paid that claim. It is also undisputed that Allstate received Onofrey's November 28, 2012, estimate, which was not signed and sworn by plaintiff, and that plaintiff never executed a proof of loss supporting the supplemental claim made in that estimate. In Dickson v. Am. Bankers Ins. co. of Fla., 739 F.3d 397, 400 (8th Cir. 2014), the United States Court of Appeals for the Eighth Circuit held that:

> the proof of loss requirement is a regulatory limit on the disbursement of funds through a federal insurance program; as such it is to be strictly construed [for it] serves as a condition precedent to recovery under the SFIP. [Thus], a signed and sworn proof of loss claims only the amounts listed in those forms, and the insured must timely file an additional proof of loss to claim any additional amount of money.

See also Kidd v. State Farm Fire & Cas. Co., 392 Fed. Appx. 241, 243-44 (5th Cir. 2010) (insured could not recover on a supplemental claim because they submitted a signed adjustor's estimate for a supplemental claim that was not sworn by them); Bechtel v. Lighthouse Prop. Ins. Co., 2014 WL 1389631, at * 3 (E.D. La. April 1, 2014) (Engelhardt, J.) (The great weight of authority holds that the insureds were required to submit a timely signed, sworn proof of loss to support a supplemental claim). Because plaintiff did not submit a timely signed, sworn proof of loss to Allstate WYO

supporting its supplemental claim, Allstate WYO's motion for summary judgment is GRANTED, and that claim is DISMISSED WITH PREJUDICE.

## CONCLUSION

**IT IS HEREBY ORDERED** that Allstate Insurance Company's Motion for Summary Judgment regarding plaintiff's claims under its homeowner's insurance policy (Doc. #15) is **DENIED** as to plaintiff's contractual claim regarding structural damage[7] and plaintiff's bad faith claims, and **GRANTED** as unopposed (Doc. #22) as to plaintiff's contractual claim regarding lost contents. Plaintiff's contractual claim regarding lost contents is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Allstate Insurance Company's Motion for Summary Judgment regarding plaintiff's claims under its flood insurance policy (Doc. #20) is **GRANTED**, and such claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this __6th__ day of June, 2014.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[7] In its reply memorandum (Doc. #31), Allstate states that it does not oppose the court's denying its motion for summary judgment because plaintiff recently provided an estimate and expert report regarding its wind damage claim.